UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAYMOND MENDEZ, JR.,

        Petitioner,

v.                          Case No. 3:04-cv-1025-J-20TEM

JAMES CROSBY, etc.;
et al.,

        Respondents.

---

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Raymond Mendez, Jr., initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on June 14, 2004.[1]  This case was transferred to the Jacksonville Division of this Court for further proceedings. Petitioner challenges a 1999 state court (Volusia County, Florida)

---

[1] The Petition (Doc. #1) was filed in this Court on June 14, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner signed the Petition and handed it to prison authorities for mailing to this Court (June 10, 2004).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

judgment of conviction for burglary of a dwelling with assault and/or battery and attempted sexual battery on the following grounds: (1) ineffective assistance of counsel for failure to depose or present an identified exculpatory witness (Mrs. Pauline Cournoyer) whose exculpatory testimony would have caused reasonable doubt with respect to Petitioner's guilt; (2) ineffective assistance of counsel for misadvising him with respect to his right to testify; (3) ineffective assistance of counsel for failure to have fingerprints identified on a key piece of State's evidence (a notepad found at the scene); (4) ineffective assistance of counsel for failure to adequately investigate, prepare and present Petitioner's theory of the defense; (5) ineffective assistance of counsel for waiving opening argument until the defense presented its case and then announcing that the defense would not present a case; and, (6) ineffective assistance of counsel for failure to properly impeach the inconsistent testimony of one of the State's key witnesses (Kevin Cournoyer).

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

2

(A) the date on which the judgment
became final by the conclusion of
direct review or the expiration of
the time for seeking such review;

(B) the date on which the impediment
to filing an application created by
State action in violation of the
Constitution or laws of the United
States is removed, if the applicant
was prevented from filing by such
State action;

(C) the date on which the
constitutional right asserted was
initially recognized by the Supreme
Court, if the right has been newly
recognized by the Supreme Court and
made retroactively applicable to
cases on collateral review; or

(D) the date on which the factual
predicate of the claim or claims
presented could have been discovered
through the exercise of due
diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

28 U.S.C. § 2244(d).

Respondents contend, and this Court agrees, that Petitioner
has not complied with the one-year period of limitation as set
forth in this subsection.  See Respondents' Response to Petition

(Doc. #11).[2]  Petitioner has responded.  <u>See</u> Petitioner's Traverse (Doc. #18).

Petitioner was charged by Information with home invasion robbery, burglary of a dwelling with assault and/or battery and attempted sexual battery.  Ex. A at 76-77.  Petitioner was tried by a jury and convicted as charged.  <u>Id</u>. at 143-44.  On October 7, 1999, Petitioner was adjudicated guilty and sentenced to life imprisonment for the home invasion robbery, life imprisonment for the burglary of a dwelling with assault and/or battery and ten (10) years imprisonment for the attempted sexual battery.  <u>Id</u>. at 204-15; <u>see</u> http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).  All three counts were to be served concurrently and with the designation of habitual felony offender and prison releasee reoffender.  Ex. A at 215.  On November 30, 1999, Petitioner was found to be a sexual offender.  <u>Id</u>. at 231, Order Finding Defendant To Be A Sexual Offender, filed December 1, 1999.[3]

On direct appeal, Petitioner Mendez raised the following claims:  (1) the conviction for home invasion robbery must be

_____

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

[3] The trial judge, on November 30, 1999, found Petitioner to be a sexual offender; however, the Order incorrectly cited to the sexual predator statute.  <u>See</u> Order Finding Defendant To Be A Sexual Offender, filed on December 1, 1999; Ex. G, Transcript of Proceedings Conducted on May 31, 2001, at 3-10.

vacated on double jeopardy grounds as it is subsumed by the greater offense of burglary with a battery; (2) the prison releasee reoffender act sentence imposed in addition to the habitual offender sentence must be vacated as it constitutes multiple punishments in violation of double jeopardy; (3) the appellant does not meet the criteria of Fla. Stat. § 775.21 by virtue of his single conviction for attempted sexual battery and the court was without jurisdiction to designate him as a sexual offender subsequent to his notice of appeal; and, (4) the trial court erred in denying the motion for judgment of acquittal on the attempted sexual battery. Ex. B; Ex. D. On March 30, 2001, the appellate court affirmed Petitioner's convictions for burglary of a dwelling with a battery and attempted sexual battery and vacated his conviction for the home invasion robbery. Ex. F; Mendez v. State, 798 So.2d 749 (Fla. 5th DCA 2001). The appellate court also remanded the case to the trial court for a determination as to Petitioner's qualification as a sexual predator or for sexual offender registration. Id. The mandate issued on April 18, 2001. Ex. M.

When the case was remanded, the trial court, on May 31, 2001, found Petitioner to be a sexual offender. Ex. G at 41, Order Finding Defendant To Be A Sexual Offender. A Notice of Appeal was filed on June 14, 2001, and appointed counsel filed an Anders[4]

---

[4] Anders v. California, 386 U.S. 738 (1967).

brief on October 10, 2001.  Ex. G; Ex. H.  On December 26, 2001, the appellate court per curiam affirmed.  Ex. K.  The mandate issued on January 14, 2002.[5]  Ex. L.

On June 28, 2002, Petitioner filed a motion for post conviction relief, raising six grounds for relief.  Ex. N.  On August 22, 2002, the trial court denied the motion.  Ex. S.  The appellate court per curiam affirmed on October 15, 2002.  Ex. W; Mendez v. State, 829 So.2d 234 (Fla. 5th DCA 2002).  The mandate issued on November 1, 2002.  Ex. X.

On January 13, 2003, Petitioner filed a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel.  Ex. Y.  The appellate court ordered the State to file a response and then denied the petition for writ of habeas corpus on March 10, 2003.  Ex. Z; Ex. AA; Ex. BB.  Petitioner's March 17, 2003, motion for rehearing was denied on April 9, 2003.  Ex. CC; Ex. DD.

On April 15, 2003, Petitioner filed a Motion for Correction of Sentence, alleging that he received an illegal sentence for being sentenced as both a habitual offender and a prison releasee reoffender.  Ex. EE.  After requiring a response from the State,

---

[5] While Petitioner has stated that the mandate was issued on June 16, 2002 (Traverse at 3), Respondents' exhibit clearly reflects that the mandate was issued on January 14, 2002.  Ex. L. The appeal number (5D01-1803) on exhibits K and L is the same, thus reflecting that the January 14, 2002, date is correct.  It is further noted that the appeal number (5D99-2959) on exhibits F and M is the same.

6

the trial court, on May 1, 2003, granted in part the motion and amended Petitioner's sentence as follows:

> **Count One:** Vacated by *Mendez v. State*, 798 So.2d 749 (Fla. 5th DCA 2001).

> **Count Two:** The sentence is corrected to reflect a life sentence under the prison releasee reoffender statute. The habitual offender provision is stricken.

> **Count Three:** The sentence is corrected to reflect 10 years as a habitual felony offender and 5 years concurrently as a prison releasee reoffender.

Ex. GG (footnote omitted). On appeal, Petitioner filed an initial brief, raising the sole issue of whether the trial court erred in re-sentencing him without his presence. Ex. KK. On August 19, 2003, the appellate court per curiam affirmed. Ex. MM. The mandate was issued on September 5, 2003. Ex. NN.

Respondents contend, and this Court agrees, that Petitioner is not entitled to the time during which his case was remanded from the appellate court to the trial court since the case was remanded to the trial court solely for a determination as to his qualification as a sexual predator or for sexual offender registration. Response at 9; see Mendez v. State, 798 So.2d at 751. The remand was not a re-sentencing and had no effect on his conviction for burglary of a dwelling with assault and/or battery and his conviction for attempted sexual battery, which were affirmed on appeal. Further, as noted by Respondents, in this

case, Petitioner only contests the original judgment in his habeas application and does not contest the findings on remand. Response at 10; cf. Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003) (stating the statute of limitations for a section 2254 petition that contained claims challenging the petitioner's original judgment of conviction as well as claims challenging his re-sentencing judgment began to run on the date the re-sentencing judgment became final). Petitioner's claims, here, center upon ineffective assistance of counsel at the trial stage.

Thus, excluding the remand time, Petitioner's conviction became final on June 28, 2001 (ninety days after entry of the judgment). See Supreme Court Rule 13.3.[6] This was after the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (June 28, 2002). Petitioner filed his motion for post conviction relief on June 28, 2002, and the pendency of the motion tolled the time period. However, after the mandate issued on November 1, 2002, the time began to run again. Here, Petitioner waited until the one-year period of limitation had expired before he filed his other state motions. When motions for post conviction relief are filed after the expiration of the federal limitation

---

[6] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

8

period, the motions cannot toll the limitation period because there is no period left.  See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002).

Even assuming *arguendo* that Petitioner is entitled to the time during which his case was remanded from the appellate court to the trial court (solely for the sexual predator designation or sexual offender registration), his Petition filed in this case is untimely.  On remand, the trial court, on May 31, 2001, found Petitioner to be a sexual offender, and the appellate court per curiam affirmed on December 26, 2001.

Thus, taking into account the remand time, Petitioner's conviction became final on March 26, 2002 (ninety days after entry of the judgment).  Therefore, Petitioner had one year from the date his case became final to file the federal petition (March 26, 2003).  His Petition, filed in this Court on June 10, 2004, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation began on March 27, 2002, and ran for **ninety-three (93) days** until Petitioner filed his motion

9

for post conviction relief on June 28, 2002. The pendency of his
motion for post conviction tolled the time period.

The one-year period of limitation began again on November 1,
2002, and ran for **seventy-three (73) days** until he filed his state
petition for writ of habeas corpus on January 13, 2003. The
pendency of his petition tolled the time period.

The one-year period of limitation began again on April 9,
2003, and ran for **six (6) days** until he filed his motion for
correction of sentence on April 15, 2003. The pendency of his
motion tolled the time period.

The one-year period of limitation began again on September 5,
2003, and ran for **two-hundred and seventy-eight (278) days** until
June 10, 2004, when he filed his Petition in this case.[7]

---

[7] This Court takes judicial notice of Petitioner's other
habeas corpus petitions filed in this Court (6:04-cv-188-Orl-28KRS,
filed on February 12, 2004, and dismissed without prejudice on
April 22, 2004; and, 6:04-cv-595-Orl-28KRS, filed on April 26,
2004, and dismissed without prejudice on May 27, 2004).   See
Response at 11; Traverse at 4. In Case No. 6:04-cv-595-Orl-28KRS,
the Court noted that the dismissal without prejudice did not excuse
him from the one-year period of limitation for raising a habeas
corpus petition in the federal court. See Order (Doc. #4), filed
May 27, 2004. Even if the Court allowed equitable tolling for the
time in which the first federal petition was pending (69 days), his
Petition would be untimely. However, although the one-year period
of limitation is tolled during the time in which a properly filed
application for state post-conviction relief is pending, see Artuz
v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is
"properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which
a federal habeas petition is pending does not toll the one-year
limitation period.   See Duncan v. Walker, 533 U.S. 167 (2001)
(holding that an application for federal habeas corpus review does
not toll the one-year limitation period under § 2244(d)(2)).

10

Petitioner took four-hundred and fifty (450) days instead of the allowable three-hundred and sixty-five (365) days.  Therefore, the Petition is untimely.

Thus, the record reflects that Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Thus, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1.   Respondents' Response to Petition (Doc. #11), in which they request the dismissal of the Petition, is **GRANTED**, and the Petition (Doc. #1) is hereby **DISMISSED** with prejudice.

2.   The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _25d_ day of May, 2005.

UNITED STATES DISTRICT JUDGE

sc 5/25
c:
Raymond Mendez, Jr.
Assistant Attorney General (Compton)

11